1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  UNITED STATES OF AMERICA,<br>    on behalf of its agency,<br>12  U.S. SMALL BUSINESS<br>    ADMINISTRATION,<br>13 | No.  CIV. S-13-1158 LKK/EFB<br><br><br>**ORDER** |
| 14             Plaintiff, | |
| 15        v. | |
| 16  EDF RESOURCE CAPITAL, INC.<br>    and REDEMPTION RELIANCE, LLC, | |
| 17             Defendants. | |

18

19      This is a proceeding brought under the Federal Debt

20   Collections Procedures Act of 1990, 28 U.S.C. §§ 3001, et seq.

21   The Local Rules of this court provide that "[a]ll motions brought

22   pursuant to the Federal Debt Collections Procedures Act of 1990,

23   28 U.S.C. § 3001 et seq.," are among the duties assigned to the

24   Magistrate Judge.  E.D. Cal. R. ("Local R.") 302(c)(7).  In

25   addition, 28 U.S.C. § 3008 provides that "[a] district court of

26   the United States may assign its duties in proceedings under this

27   chapter to a United States magistrate judge to the extent not

28   inconsistent with the Constitution and laws of the United

                                  1

1   States."

2       The Local Rules also provide that the district judge "may

3   retain any matter otherwise routinely referred to a Magistrate

4   Judge," but that "[a]pplications for retention of such matters …

5   are looked upon with disfavor and granted only in unusual and

6   compelling circumstances."  Local R. 302(d).

7       Defendants and the proposed intervenor have moved to have

8   this case heard by a district judge, rather than by a Magistrate

9   Judge.  They argue that unusual and compelling circumstances

10  exist here, because referring these matters to the Magistrate

11  Judge would "transgress constitutional limitations on [28 U.S.C.

12  §§ 636 and 3008], by allowing a magistrate judge to review a

13  decision of a federal district court judge."  ECF No. 62-1 at 6.

14  The government has "no objection" either to retention of the case

15  or to its referral to the Magistrate Judge.

16      This matter will be referred back to the Magistrate Judge

17  pursuant to Local R. 302(c)(7).  It is true that defendants seek

18  to quash the writs of attachment, garnishment and sequestration

19  approved by an order of the district court judge in the District

20  of Columbia.  However, the Magistrate Judge would not be

21  "reviewing" the D.C. district judge decision.  That judge issued

22  an order granting the government's ex parte application for the

23  writs, based solely upon government's representations, as

24  contemplated by the statute.  See 28 U.S.C. § 3101.

25      Defendants have now requested an adversarial hearing.

26  Accordingly, the Magistrate Judge will make a decision based upon

27  the arguments and evidence submitted by both sides.  The question

28  before the Magistrate Judge will not be whether the district

1  court was correct to issue the order based solely upon the

2  government's representations.  Rather, the Magistrate Judge will

3  determine, on a full record and with input from both sides,

4  whether the writs should be quashed or not.

5      The initial ex parte procedure, the follow-up hearing, the

6  transfer to a court where defendants reside, and the assignment

7  of the motions to the Magistrate Judge, are all contemplated by

8  statute.  They do not constitute unusual or compelling

9  circumstances to retain the matter by the district judge.

10      Accordingly, the court orders as follows:

11      1.   The motions to retain this case may be decided based

12  upon the papers, and accordingly, the hearing scheduled for

13  February 10, 2014 is **VACATED**;

14      2.   Defendant's and proposed intervenor's motions to retain

15  this case (ECF Nos. 62 & 70) are **DENIED**, and this matter is

16  hereby **REFERRED** back to the Magistrate Judge assigned to this

17  case pursuant to Local R. 302(c)(7);

18      3.   The hearing on the motion to intervene (ECF No. 68) is

19  hereby **VACATED**.  That motion is also referred to the Magistrate

20  Judge.

21      4.   The dates previously set by this court in its October

22  31, 2013 order are hereby **VACATED**.

23      IT IS SO ORDERED.

24      DATED:  February 3, 2014.

25

26                          LAWRENCE K. KARLTON
                            SENIOR JUDGE
27                          UNITED STATES DISTRICT COURT

28

                              3